## PIERSON *v.* CRONK.

*(Circuit Court, New York County.* February 27, 1889.)

GUARANTY—CONSTRUCTION.

A proposal to purchase the whole of the capital stock of an insurance company stated that "it need hardly be said, but for greater clearness we do say, and thereto pledge ourselves, that the contract obligations entered into by" the company "with its policy-holders and others, of every name and nature, will be rigorously fulfilled, to the same extent and in the same manner as if no change such as is contemplated should take place." The guaranty sued on was for "the fulfillment of the agreement in the foregoing letter." *Held* a guaranty merely that those in charge of the company's affairs would thereafter recognize and fulfill all its pre-existing contract obligations, whether to policy-holders or to others, but not binding the

guarantors unqualifiedly, and under all circumstances, to pay all the policy-holders of the company when their, policies became due, or what might remain due upon them, if the company should thereafter become insolvent and unable to pay them.

On motion to dismiss.

Action by Henry R. Pierson, as receiver of the Widows' & Orphans' Benefit Life Insurance Company, against Andrew W. Morgan, to enforce a contract of guaranty. Defendant having died, the action was revived against his administratrix, Justine M. Cronk. The guaranty is in the following language: "In consideration of one dollar to each of us paid, and for other valuable considerations us thereunto moving, we hereby individually and collectively guaranty the fulfillment of the agreement in the foregoing letter of the Mutual Protection Life Insurance Company." The agreement to which plaintiff claims that this guaranty applies is contained in a communication addressed in October, 1871, by the officers of the Mutual Protection Life Assurance Society, to Seymour L. Husted and five other persons, proposing to purchase the whole of the capital stock of the Widows' & Orphans Company, and is as follows: "It need hardly be said, but for greater clearness we do say, and thereto pledge ourselves, that the contract obligations entered into by the Widows' & Orphans' Company with its policy-holders and others, of every name and nature, will be rigorously fulfilled, to the same extent and in the same manner as if no change such as is contemplated should take place."

*R. J. Moses,* for plaintiff.   *P. H. Vernon,* for defendant.

LAWRENCE, J. This action is not brought by the receiver under chapter 314 of the Laws of 1858, as its object is neither to disaffirm, treat as void, or resist any acts done or transfers or agreements made in fraud of creditors. It is an action for the enforcement of a contract of guaranty alleged to have been entered into by the defendant's testator. It seeks to affirm, rather than to disaffirm, that contract. The plaintiff's counsel contends that there are two causes of action stated in the complaint, to-wit: "*First,* on the contract of guaranty; and, *secondly,* case in conspiracy; and he also contends that, as to the latter, it is an equitable action, not because it is for the use of a third party, but because it seeks to recover the damages resulting from the defendant's breach of trust." I cannot concur in this statement. The action is brought under the authority of the order of the special term made by Justice LANDON on the 8th day of March, 1883,[1] which expressly provides that "Angelina L. Craft and the other policy-holders in whose behalf said petition was filed be, and the same are hereby, authorized to commence a suit in behalf of themselves and all others similarly situated, in the name of Henry R. Pierson, receiver of Widows' & Orphans' Benefit Life Insurance Company, upon the guaranty in said petition set forth, and in his name to demand payment of all sums of money due to policy-holders of the Widows' & Orphans' Life Insurance Company, under said guaranty." That order was the only authority which the receiver had for commencing the action, and he is limited and bound by its provisions, and the whole frame-work of the plaintiff's complaint shows that the order was so interpreted and understood at the time the action was commenced. Furthermore, it appears that an application was made in March, 1888, to Mr. Justice PATTERSON, for leave to amend the complaint by setting forth certain allegations showing that Morgan, the defendant's intestate, in his life-time and about the time of making the guaranty, converted to his own use certain of the assets, and that the proceeds of them had gone into the estate, and were in the possession of the defendant. The motion was denied, and the learned justice denied it for the reasons, among others, that the leave of the court only extended to the institution of an action on the contract, which, he said, was a circumstance very significant, if not controlling, and

[1] Not reported.

that the statute of limitations had run against the claim for conversion. These views accord entirely with my own as to the character of the complaint, and I must therefore dispose of the case on the theory that the action is upon contract. So regarding it, the result seems to be plain.

The guaranty involved in this action has been the subject of construction and interpretation by the court of common pleas and the court of appeals in the case of *Wise* v. *Morgan*, 13 Daly, 402. In that case it was held by the general term of the common pleas that the owners of a paid-up endowment policy of the Widows' & Orphans' Benefit Life Insurance Company, which became due after its dissolution, and upon which dividends had been received on the settling up of the affairs of the company, were not entitled to recover from Mr. Morgan, the guarantor, upon the guaranty, the amount remaining due upon the policy, after deducting the payments received; and it was also held that the guaranty signed by the defendant amounted to nothing more than an assurance to the trustees who were to obtain the stock required, and to the special committee to whom the matter was referred, that the new trustees who were to be appointed, and who were to have thereafter the control of the Widows' & Orphans' Company's affairs, would, in conducting its affairs, thereafter recognize and fulfill all its pre-existing contract obligations, whether to policy-holders or to others, and did not bind the signers unqualifiedly and absolutely, under all circumstances, to pay all the policy-holders of the Widows' & Orphans' Company when their policies became due, or what might remain due upon them, if the company should thereafter become insolvent and unable to pay them. In the opinion of the court, written by Chief Justice DALY, all the cases supposed to have any bearing upon the construction of the guaranty are collated and discussed. The decision in that case was unanimously affirmed by the court of appeals in 103 N.Y. 682–683, *mem.*, (no opinion being written.) The receiver in this case, as I understand the order under which he sues and the complaint, stands in no other or better position than an individual policy-holder, and therefore the case of *Wise* v. *Morgan* is directly in point. I do not concur with the plaintiff's counsel in the position taken by him as to the effect of an affirmance of a decision of a general term by the court of appeals, when the latter court writes no opinion. The presumption is, I think, in such cases, that the appellate court finds nothing to criticise or dissent from in the views expressed by the court below, and therefore deems the writing of an opinion superfluous. I have examined the other cases referred to by the counsel for the plaintiff, but discover nothing in them which enables me to distinguish this case, in the principles affecting it and by which it must be governed, from the case of *Wise* v. *Morgan*. For these reasons the defendant is entitled to judgment dismissing the complaint, with costs.

---

PEOPLE *ex rel.* DELEY *v.* FRENCH *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—EVIDENCE.

Dismissal of an officer by the police commissioners, on the ground of neglect of duty and conduct unbecoming an officer, will be affirmed on *certiorari*, where it appears that he was found absent from his post, sitting in a restaurant, asleep, with hat and coat off, and so much under the influence of liquor that he had to be taken to the station-house, though he testifies that he was compelled to leave his post to go to a drug-store to obtain relief from diarrhea, and, while there, a physician examined him, and administered brandy and tincture of opium, and directed him to repeat the dose if not relieved, which the physician corroborated; that relator then returned to his post, of which he had left another person in charge, and, the pain continuing, took another dose, which caused him to lose consciousness, and there is no evidence that relator drank anything other than the medicine.

On *certiorari* to review the dismissal of Lawrence Deley from the police force of the city of New York, by Stephen B. French and others, police commissioners.