## PIERSON *v.* CRONK.[1]

*(Supreme Court, General Term, First Department.* November 7, 1889.)

1. CONTRACT—INTERPRETATION—INSURANCE COMPANIES.

> One insurance company passed under control of another by virtue of a contract whereby the latter agreed to fulfill contracts entered into by the former with policy-holders, "to the same extent and in the same manner as if no change * * * should take place." *Held,* that this was not a contract to pay in any event what might be due on the policies, but to fulfill the contracts the same as if no change had occurred, and that a receiver of the former company could not sue on a guaranty of such contract without showing that the former company would have been solvent if the consolidation had not occurred, or that the failure of policy-holders to obtain redress resulted from the mismanagement of the other company.

2. RECEIVERS—ACTIONS.

> Where the receiver applied for and obtained an order to bring suit on the guaranty, he cannot maintain such suit on the ground of the misappropriation of assets of the company by defendant.

Appeal from circuit court, New York county.

Action by Henry R. Pierson, receiver, against Andrew W. Morgan, on a contract of guaranty. Defendant having died pending the action, it was revived against his administratrix, Justine M. Cronk. From a dismissal of the complaint, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Raphael J. Moses, Jr.,* for appellant.    *P. H. Vernon,* for respondent.

DANIELS, J. This action has been brought by the plaintiff as receiver of the Widows' & Orphans' Benefit Life Insurance Company. It was created as a corporation under the laws of this state, and authorized to make insurances upon lives. On the 8th of March, 1877, the corporation was dissolved by a judgment of this court, upon the application of the attorney general; and this action was brought by the receiver appointed upon the dissolution of the corporation, to recover the amount unpaid upon policies of insurance issued by the company. To maintain the action against the intestate, who died during its pendency, a proposal made by him as president of the Mutual Protection Life Insurance Company, and by the vice-president and secretary of that company, to the trustees of the Widows' & Orphans' Benefit Life Insurance Company, on the 5th of March, 1871, was read in evidence. By this proposal an offer was made to purchase the majority of the stock of the Widows' & Orphans' Company, and substantially to consolidate it with the Mutual Protection Life Insurance Company. This proposal, to that extent, was accepted as a basis for the consolidation of the two companies. The stock to the amount required for this purpose was purchased by the officers of the Mutual Protection Life Insurance Company; a majority of the directors or trustees of the Widows' & Orphans' Company resigned, and others, selected for that purpose by the Mutual Protection Life Insurance Company, were

[1] Affirming 5 N. Y. Supp. 53.

elected as their successors; and in this manner the Widows' & Orphans' Company was placed under the control and management of the Mutual Protection Life Insurance Company. The latter company afterwards transferred its assets to still another company, which finally became insolvent. The plaintiff averred the intestate to have become liable for the payment of the amounts left unpaid upon the policies of the Widows' & Orphans' Company, by reason of a contract entered into as a part of the proposal, the performance of which was guarantied by him. In support of the appeal it has been alleged that the plaintiff was also entitled to maintain the action because of the misappropriation of the assets of the Widows' & Orphans' Company; and provisions of the statute of this state have been referred to as sustaining this theory. But it is sufficient, by way of answer to this position, to say that the action was not brought in that form. It was upon an alleged guaranty of the proposed contract of the Mutual Protection Company that the complaint was formed; and that this was the understanding at the time when the action was about to be commenced appears from the petition made for leave to commence and prosecute it. That petition applied for a direction for the receiver to "bring an action against the guarantors upon the said contract, or that your petitioners may have leave to commence such action in his name as receiver, for their benefit and the benefit of such other policy-holders of said Widows' & Orphans' Company who may come in and contribute to the expenses of such proceeding, upon giving indemnity to said receiver in such sum as to the court may seem just." The order which was made pursuant to the application was of the same tenor, for it authorized the applicants "to commence a suit in behalf of themselves, and of others similarly situated, in the name of Henry R. Pierson, receiver of the Widows' & Orphans' Benefit Life Insurance Company, upon the guaranty in said petition set forth." There was no misunderstanding, therefore, as to the nature of the proceeding intended to be taken when the application and order were made, and the complaint itself discloses no other intention than to proceed upon the alleged guaranty, as the ground of action; and, unless the plaintiff can maintain the right to recover in the action upon the guaranty, it necessarily must fail, as it was held that it should at the circuit. 5 N. Y. Supp. 53.

In the proposal which formed the basis of the consolidation of the widows' & Orphans' Company with the Mutual Protection Life Insurance Company this statement was made: "It need hardly be said—but for greater clearness we do say, and thereto pledge ourselves—that the contract obligations entered into by the Widows' & Orphans' Company with its policy-holders and others, of every name and nature, will be rigorously fulfilled, to the same extent and in the same manner as if no change such as is contemplated should take place." And following the proposal was added this guaranty: "In consideration of one dollar to each of us paid, and for other valuable considerations as thereunto moving, we hereby individually and collectively guaranty the fulfillment of the agreement in the foregoing letter of the Mutual Protection Life Insurance Company,"—which was subscribed by the intestate, as one of the parties to it. The effect of these two instruments was carefully considered in *Wise Morgan,* 13 Daly, 402. That was an action brought by a policy-holder in the Widows' & Orphans' Company, to recover the amount unpaid upon it under this guaranty; but it was held by the court that the action could not be maintained—*First,* for the reason that the guaranty itself did not inure to the benefit of the individual policy-holders; and, *secondly,* for the reason that it contemplated no more than the faithful management and administration of the affairs of the Widows' & Orphans' Company by the officers to be placed in charge after the consolidation should be affected. This case was afterwards appealed to the court of appeals, and the judgment was affirmed in 103 N. Y. 682. The present action differs from the case then before the court in the circumstance that it has now been brought by the receiver, not only represent-

ing the Widows' & Orphans' Company, but also its policy-holders and other creditors. He is in a situation, therefore, where, if this contract could be legally construed to create a pecuniary obligation for the payment of the amounts mentioned in the policies for whose recovery the suit has been brought, it might be maintained. But no such obligation as that appears to have been intended to be entered into, either by the Mutual Protection Life Insurance Company itself or by the persons subscribing this guaranty. What the officers of the Mutual Protection Company proposed to do was to fulfill the policy contracts, as well as others, of the Widows' & Orphans' Company, to the same extent and in the same manner as that would have been done if no change in the way of a consolidation should take place. It was not proposed, in any event, to pay what might become due upon the policies of the Widows' & Orphans' Company, but to fulfill the contracts the same as though the change which was contemplated should not be brought about; and that is all that the intestate himself became liable for by subscribing the guaranty, as he did, at the foot of the proposal. There was no pecuniary obligation assumed, in any event, to pay the policies; but the agreement was to manage the affairs of the consolidated companies in such a manner that the holders of policies in the Widows' & Orphans' Company should be in the same condition as though no consolidation had been projected. And the difficulty in the way of maintaining the plaintiff's action seems to arise out of the circumstance that proof was not given at the trial that the Widows' & Orphans' Company would have been in any better pecuniary condition than it was at the time when the receiver was appointed if this consolidation had not taken place. It was shown that the pecuniary condition of the Widows' & Orphans' Benefit Life Insurance Company on the 1st of October, 1871, was then such as to exhibit its ability to pay off the amounts mentioned in its policies; and further proof was given to the effect that the Mutual Protection Life Insurance Company was not in that pecuniary or solvent condition. But no evidence was given tending to establish the fact that it was by reason of this disparity then existing in the pecuniary situation of the two companies that these policy-holders were prevented from securing the payment of the amounts for which the company became liable. There may have been a remote probability that such was the fact, and that if it had not been for the consolidation of the two companies the persons represented by the receiver might have been paid the amounts maturing upon their policies; but this was in the nature more of conjecture than proof, and the case was left in that condition where the court could very well hold that the failure of the holders of these policies to obtain indemnity did not result from any failure in the management and conduct of the affairs of the Widows' & Orphans' Company, or that the company would have been in a solvent condition if this consolidation had never taken place. Proof of one of these facts was essential, under the agreement and the guaranty entered into, to entitle the plaintiff to maintain this action; and, inasmuch as it was not given in the case, the court was justified in dismissing the plaintiff's complaint. The judgment should therefore be affirmed. All concur.